## No. 10,110.

### KLINE *v.* SMITH.

Decided May 1, 1922.

Action by wife for death of her husband in an automobile accident.   Directed verdict for defendant.

### *Affirmed.*

1.   PERSONAL INJURIES—*Negligence—Directed Verdict.*   Evidence in a personal injury case reviewed, and the action of the court in directing a verdict for defendant, on. the ground that there was no negligence shown, and that there was contributory negligence, upheld.

*Error to the District Court of the City and County of Denver, Hon. Julian H. Moore, Judge.*

Mr. WILLIAM W. GARWOOD, Mr. OMAR E. GARWOOD, Mr. HARRY SOBOL, Mr. FRANCIS G. RICHE, for plaintiff in error.

Mr. REES D. REES, for defendant in error.

*Department Two.*

MR. JUSTICE DENISON delivered the opinion of the court.

THE court directed a verdict for the defendant Smith in a suit by Mrs. Kline against him for negligently causing the death of her husband by running him down with an automobile.   The court thought there was no negligence shown and that deceased had been guilty of contributory

negligence.   The plaintiff brings error and claims that there was evidence of negligence and of proximate cause and not enough of contributory negligence to be conclusive.

We think the judgment was right, but even if not we cannot disturb it.   The defendant testified that he was driving at night on Larimer street between 20th and 21st, at 12 or 15 miles an hour; that the street was brightly lighted; that he was looking straight ahead when the deceased, who was a street sweeper at work, suddenly appeared from the left, about two feet directly in front of the left of his vehicle and he was unable to stop before he had run over him.   This testimony was undisputed.   We can see no evidence here of want of care on defendant's part or of proximate cause, but much of contributory negligence.

The claim that defendant was so blinded by the wet pavement that it was a question for the jury whether he should have stopped his car is not supported by the evidence.

A vital part of the evidence showing how the accident happened was given by a Greek, the only eye witness on the stand except the defendant, by indicating, on the floor of the court room, just how the deceased stepped suddenly in front of defendant's machine.   This evidence was also undisputed.   The witness's gestures and indications are not reproduced in the record and yet they must have illustrated his words with great and perhaps with controlling force; we cannot, therefore, say that the direction of the court was wrong.

Judgment affirmed.

MR. JUSTICE TELLER sitting for MR. CHIEF JUSTICE SCOTT and MR. JUSTICE ALLEN concur.